UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                           :
ROBERT E. BARNES,                          :        CASE NO. 1:17-CV-02577
                                           :
       Plaintiff,                          :
                                           :
vs.                                        :        OPINION & ORDER
                                           :        [Resolving Doc. No. 1]
FLOYD KLINE, *et al.*,                     :
                                           :
       Defendants.                         :
                                           :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Plaintiff Robert E. Barnes filed this action in the Lyndhurst Municipal Court against Floyd Kline, the Postmaster at the Lyndhurst branch of the post office, and the United States Postal Service ("USPS"). The Complaint in its entirety states: "On Feb 19, 2015, I received injuries at work. The USPS has refused to pay the total amount due, and I am in collections." (Doc. No. 1-1 at 4). He seeks $ 1,000.00 damages.

Defendants removed this case to federal court and filed a Motion to Dismiss (Doc. No. 6) for lack of subject matter jurisdiction. They assert that Plaintiff's only remedy for torts pertaining to work related injuries arises from the Federal Employees Compensation Act ("FECA"), and once the Secretary of the Department of Labor determines FECA applies, the Plaintiff is barred from filing a tort claim pertaining to the same injury. Plaintiff filed a federal worker's compensation claim arising from the injuries he sustained on February 19, 2015 and that claim was accepted by the Department of Labor. Defendants contend this Court lacks jurisdiction to entertain this case. For the reasons stated below, the Motion is granted and this action is dismissed.

## I. Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(1) allows dismissal for "lack of jurisdiction over the subject matter" of claims asserted in the Complaint.[1] Generally, Fed. R. Civ. P. 12(b)(1) Motions fall into two categories: facial attacks and factual attacks.[2] A facial attack challenges the sufficiency of the pleading itself.[3] In contrast, a factual attack challenges the factual existence of subject matter jurisdiction.[4] When a Defendant facially attacks subject matter jurisdiction, this Court must accept the Plaintiff's material allegations in the Complaint as true.[5] In contrast, if the Motion presents a factual attack, then the Court is free to consider other evidence and may weigh the evidence of its own jurisdiction without affording the Plaintiff the presumption of truthfulness.[6] The Plaintiff has the burden of proving subject matter jurisdiction in order to survive a Motion to Dismiss pursuant to Rule 12(b)(1).[7] Lack of subject matter jurisdiction is a non-waivable, fatal defect.[8]

## II. Analysis

The United States, as a sovereign, cannot be sued without its prior statutory consent, and the terms of its consent define the Court's subject matter jurisdiction.[9] This waiver of sovereign immunity must be strictly construed, unequivocally expressed, and cannot be implied.[10]

---

[1] Fed. R. Civ. P. 12(b)(1)
[2] *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).
[3] See *In re Title Ins. Antitrust Cases*, 702 F.Supp.2d 840, 884-85 (N.D. Ohio 2010), citing, *Ohio Hosp. Ass'n v. Shalala*, 978 F.Supp. 735, 739 (N.D. Ohio. 1997).
[4] *Id.*
[5] *Ritchie*, 15 F.3d at 598.
[6] *Id.*
[7] *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996).
[8] *Von Dunser v. Aronoff*, 915 F.2d 1071, 1074 (6th Cir. 1990).
[9] *McGinness v. U.S.*, 90 F.3d 143, 145 (6th Cir. 1996).
[10] *U.S. v. King*, 395 U.S. 1,4 (1969); *Soriano v. U.S.*, 352 U.S. 270, 276 (1957).

FECA's exclusive-remedy provision precludes Plaintiff's suit. FECA is the federal government's workers' compensation plan.[11] Like many such statutes, FECA balances the interests of the parties, giving federal employees compensation for work-related injuries without having to prove fault in exchange for giving up their right to sue their government employer for torts related to that injury.[12] Here, although the Plaintiff's allegation is vague, he indicates he is seeking damages against the United States for a workplace injury and is dissatisfied with the amount the government agreed to pay. His sole remedy for relief is through FECA and the administrative procedures outlined in the statute. Those awards are not subject to judicial review.[13] Accordingly, the United States is immune from any further liability for this injury and this Court lacks subject matter jurisdiction to consider this case.

### IV. Conclusion

Accordingly, Defendants' Motion (Doc No. 6) is granted and this action is dismissed. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[14]

IT IS SO ORDERED.

Dated: April 13, 2018  *s/ James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[11] 5 U.S.C. § 8116(c) reads:
The liability of the United States or an instrumentality thereof under this subchapter or any extension thereof with respect to the injury or death of an employee is exclusive and instead of all other liability of the United States or the instrumentality to the employee ... because of the injury or death ... under a Federal tort liability statute.
See *Wright v. United States*, 717 F.2d 254, 256 (6th Cir. 1983).

[12] *McCall v. United States*, 901 F.2d 548, 550 (6th Cir. 1990) (citing *Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 194 (1983)).

[13] S*ee* 5 U.S.C. § 8128(b); *Wright*, 717 F.2d at 257.

[14] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.